UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
ENTERED

MAY 17 2005

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RODNEY FREEMAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-2157 |
| | § | |
| DOUG DRETKE, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Pursuant to 28 U.S.C. §2241, *et seq.*, and the Rules Governing Section 2254 Cases in the U.S. District Courts, it is **ORDERED**:

1. Preliminary examination of petitioner's application for a writ of habeas corpus establishes that summary dismissal is not warranted.

2. **The Clerk shall serve copies of the application[1] and this order upon the Respondent, Doug Dretke, P.O. Box 99, Huntsville, Texas 77342-0099 and upon the Attorney General of the State of Texas, Greg Abbott, Attention: Mike Bozarth, Chief, Habeas Corpus Division, (Mail Code 066), P.O. Box 12548, Capitol Station, Austin, Texas 78711-2548 by certified mail.**

3. Respondent shall file an answer, dispositive motion, or other responsive pleading no later than June 20, 2005. Respondent shall forward a copy of same to petitioner. Respondent is cautioned that under Rule 12(c), Fed. R. Civ. P., if matters outside the pleadings are relied upon, the respondent's motion shall be treated as a motion for summary judgment and should be titled as such.

---

[1] This petition for a writ of habeas corpus was signed by the petitioner on April 25, 2004.

4. Respondent's answer shall contain: (a) a statement of the authority by which petitioner is held, and if held under the judgment of any court(s) the name of such court(s) and the number and style of the case(s) in which same were entered; (b) the offense(s) and sentence(s); (c) a specific response to each factual allegation and legal contention with applicable authority; (d) a statement as to whether petitioner has exhausted all state remedies, either by appeal or collateral attack; and (e) a statement indicating what transcripts of pretrial, trial or plea, sentencing and post-conviction proceedings are available (or which may later be available) and when they can be furnished, and what proceedings have been recorded and not transcribed.

5. The answer of respondent shall be accompanied by the following documents relating to the conviction(s) of the state court which petitioner attacks: (a) copies of the indictment(s), judgment(s), sentence(s), and order(s) pursuant to which petitioner is being held; (b) if petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, a copy of the petitioner's brief on appeal and a copy of the judgment(s) on appeal, the statement of facts on appeal, the opinion(s) of the appellate courts or a reference to where it or they may be found in the reports; (c) if petitioner has collaterally attacked the judgment of conviction or order in a post-conviction proceeding, a copy of petitioner's application for collateral relief including all answers and judgments rendered as a result; and (d) a copy of only such portions of the transcripts respondents consider relevant for the proper resolution of this action.

6. <u>The petitioner is ORDERED to file a response to any dispositive motion filed by the respondent, within thirty (30) days. The petitioner's failure to file a response within thirty days shall result in dismissal of this action for want of prosecution under Rule 41(b), Fed. R. Civ. P.</u>

7. Each party shall serve the other party, or counsel, with a copy of every pleading, letter

or other document submitted for consideration by the court; service shall be by mail to the other party. Every pleading or document filed with the Clerk of Court shall contain a signed certificate stating the date a true and correct copy of the pleading or document was mailed and to whom mailed. Any pleading or other document received by the Clerk which fails to include the certificate of service will be returned to the submitting party. Failure to mail a copy of the pleadings as certified by the certificate will subject the petitioner to sanctions by the court. There will be no direct communications with the U.S. District Judge or Magistrate Judge. Communications must be submitted to the Clerk with copies to the other party.

The petitioner's Motion to Proceed *In Forma Pauperis* (Docket Entry No. 2) is **GRANTED**. SIGNED on this 16th day of May, 2005.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE