IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RODNEY FREEMAN, <br> TDCJ-CID # 933984, <br><br> Petitioner, <br><br> v. <br><br> DOUG DRETKE, <br><br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. H-04-2157 |

**MEMORANDUM OPINION AND ORDER**

Petitioner Rodney Freeman, an inmate of the Texas prison system, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a state court conviction. The respondent filed a motion for summary judgment. After considering the motion, Freeman's response, the record, and the applicable law, the court **GRANTS** the respondent's motion and **DISMISSES** the habeas petition. The reasons are stated below.

**I. Procedural History**

In 1997, Freeman was charged with aggravated robbery in Harris County, Texas. *See Ex parte Freeman*, No. 50,455-03, at 43. On November 20, 1997, pursuant to a guilty plea, Freeman was placed on deferred adjudication and ordered to serve ten years under community supervision. *State v. Freeman*, No. 750795 (174th Dist. Ct., Harris County, Tex.); *Ex parte Freeman*, No. 50,455-03, at 44-49. The State later filed a motion to adjudicate Freeman's guilt (*Id.* at 50-51), and on September 18, 2001, the state district court found Freeman guilty of aggravated robbery and sentenced him to thirty years in the TDCJ-CID. *Ex parte Freeman*, No. 50,455-03, at 52-53.

Freeman filed an appeal. The Court of Appeals for the First District of Texas affirmed the trial court's judgment. *Freeman v. State*, 2002 WL 31319977, No. 01-01-01060-CR (Tex. App.-Hous. [1st Dist.] Aug 31, 2001, pet. ref'd) (unpublished). Freeman's petition for discretionary review (PDR) was refused by the Texas Court of Criminal Appeals on February 26, 2003. *Freeman v. State*, No. 2193-02. Freeman filed a state application for a writ of habeas corpus in the 174th District Court of Harris County on September 23, 2003. *Ex parte Freeman*, No. 50,455-03, at 2. The application was forwarded to the Court of Criminal Appeals which denied it without a written order on December 10, 2003. *Ex parte Freeman*, No. 50,455-03, at cover.

Freeman then filed the current pending federal habeas action with this court on April 25, 2004.

## II. Claims for Relief

Freeman contends that he was denied effective assistance of counsel and in support alleges that his attorney failed to do the following:

1. Object to admission of a police officer's testimony, during the revocation hearing, that Freeman considered shooting a police officer (Petition, Docket Entry No. 1, at 7; Memorandum in Support, Docket Entry No. 5, at 3);

2. Investigate the facts which would have shown that Freeman was innocent of the robbery (Docket Entry No. 1, at 7, Docket Entry No. 5, at 2);

3. Advise Freeman that he had a right to appeal his original appeal proceeding (Docket Entry No. 1, at 7; Docket Entry No. 5, at 2); and

4. Provide any assistance during the appeal or withdraw from the case so that assistance could be sought (Docket Entry No. 1, at 8; Docket Entry No. 5, at 5).

### III. The Respondent's Arguments

The respondent contends that Freeman's claims which relate to his guilty plea are time-barred under 28 U.S.C. § 2244(d) because the guilty plea was entered in 1997. The respondent further states that the allegation that Freeman's attorney failed to investigate the facts was never fairly presented to the state courts on direct appeal or in a state habeas proceeding. Consequently, that issue is unexhausted and procedurally barred. Finally, the respondent contends that all of the arguments are meritless.

### IV. The Applicable Legal Standards

This petition is governed by applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The intent of the AEDPA is to prevent federal habeas "retrials" and to ensure that state-court convictions are given effect to the extent possible under the law, *Bell v. Cone*, 122 S.Ct. 1843, 1849 (2002), by limiting the scope of collateral review and raising the standard for federal habeas relief. *Robertson v. Cain*, 324 F.3d 297, 306 (5th Cir. 2003).

Under the AEDPA, federal relief cannot be granted on claims adjudicated on the merits in state court unless the state adjudication was (1) contrary to clearly established federal law as determined by the Supreme Court, or (2) involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Williams v. Taylor,* 120 S.Ct. 1495, 1519 (2000)*, citing* 28 U.S.C. §§ 2254(d)(1) and (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court or if it confronts a set of facts that are materially indistinguishable from a Supreme Court decision and arrives at a result different from the Court's precedent. *Early v. Packer*, 123 S.Ct. 362, 365 (2002). A state

court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams,* 120 S.Ct. at 1520, 1523. In deciding whether a state court's application was unreasonable, this court considers whether the application was objectively unreasonable. *Id.* at 1521

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state-court proceeding. *Miller-El v. Cockrell*, 123 S.Ct. 1029, 1041 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller-El*, 123 S.Ct. at 1036.

Under the AEDPA, federal habeas petitions which challenge state court judgments are subject to a one-year limitation period found in 28 U.S.C. § 2244(d), which provides as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by

>the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(2).

Under 28 U.S.C. § 2254, a habeas petitioner challenging the validity of his incarceration must exhaust available state remedies before seeking relief in the federal courts. *Nobles v. Johnson*, 127 F.3d 409, 419-420 (5th Cir. 1997). The substance of the claims must have been presented to the state's highest court. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). The exhaustion requirement is based in part on the principle of comity in which the states have the first opportunity to address and correct alleged violations of a state prisoner's federal rights before consideration by the federal courts. *Coleman v. Thompson*, 111 S.Ct. 2546, 2555 (1991).

It is not enough that a petitioner has "been through the state courts" without a ruling on the claims presented. *Picard v. Connor*, 92 S.Ct. 509, 512 (1971). The federal claims must have been fairly presented to the Texas Court of Criminal Appeals either on direct review of the conviction by PDR, or in a post-conviction attack by state application for a writ of habeas corpus. *Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990), *citing Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985).

These standards will be applied to the pending summary judgment motion.

## IV. Statute of Limitations - 28 U.S.C. § 2244(d)

The respondent contends that two of Freeman's grounds for relief (his attorney's alleged failure to advise him of his right to appeal his guilty plea and his attorney's alleged failure to investigate the facts before he entered his guilty plea) are time-barred because they relate to his guilty plea that resulted in an unadjudicated judgment issued in 1997. The order of deferred adjudication was entered on November 20, 1997. [1] The AEDPA's period of limitations was triggered by that state district court order. *Caldwell v. Dretke*, 429 F.3d 521, 528-29 (5th Cir. 2005) ("[W]e address whether an order of deferred adjudication or straight probation is a final judgment for purposes of section 2244. We conclude that it is."). Freeman had thirty days after the entry of that judgment to file an appeal. *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). *See also Caldwell*, at 530 ("a defendant must file a notice of appeal 'within 30 days after the day sentence is imposed or suspended in open court.'"), *citing* TEX. R. APP. P. 26.2(a); TEX. R. APP. P. 41(b) (West 1997). *See Wilkinson v. Cockrell,* 240 F.Supp.2d 617, 620 (N.D. Tex. 2002) (state's deferred adjudication became final thirty days after entry of order), *citing United States v. Vasquez,* 298 F.3d 354, 359 (5th Cir.2002); *Manuel*, at 661-62. Consequently, Freeman had one year from

---

[1] The respondent states that the deferment of adjudication was entered on September 11, 1997; however, the records reflect that the order of deferment was entered on November 20, 1997. *See* Appellate Record*, Freeman v. State*, No. No. 01-01-01060-CR, at 38-39. Freeman had previously entered his guilty plea and agreed to a Pre-Sentence Investigation on September 11, 1997. No. 01-01-01060-CR, at 11-12. The results of the investigation were submitted on November 20, 1997, and Freeman was placed on deferred adjudication and ordered to serve ten years under community supervision at that time. No. 01-01-01060-CR, at 19, 38-39.

December 22, 1997,[2] to seek habeas relief in the federal courts. 28 U.S.C. § 2244(d)(1)(A). Freeman's state habeas application, which was filed in 2003, does not toll the limitations period for those claims regarding the deferred adjudication. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Therefore, the court will **DISMISS** as untimely Freeman's claims that his attorney failed to investigate the facts of the aggravated robbery and advise him of his right to appeal the deferred adjudication.

## V. Failure to Exhaust

The respondent contends that Freeman failed to exhaust state court remedies regarding his attorney's alleged failure to investigate the facts of the case. Such a claim does not appear in either Freeman's appellate briefs or in his state application for a writ of habeas corpus. Freeman concedes that he has failed to exhaust state remedies with regard to this claim. *See* Response, Docket Entry No. 12, at 1. Freeman is procedurally barred from presenting this claim in the Texas courts because he has already filed a state habeas application which has been denied on the merits. TEX. CODE CRIM. PRO. art. 11.07 § 4. Consequently, his claim is now procedurally defaulted and he is not entitled to habeas relief on this claim because he cannot present it in federal court in a habeas petition. *Coleman v. Thompson*, 111 S.Ct. at 2557 n. 1 (1991). *See also Henderson v. Crockwell*, 333 F.3d 592, 605 (5th Cir. 2003); *Horsley v. Johnson*, 197 F.3d 134, 137 (5th Cir. 1999); *Matchett v. Dretke*, 380 F.3d 844, 848 (5th Cir. 2004).

---

[2] December 20, 1997, fell on a Saturday. December 22, 1997, was the first working day an appeal could have been filed. *See* TEX. R. APP. P. 4.1(a).

**VI. <u>Ineffective Assistance of Counsel</u>**

Freeman's remaining claims relate to his revocation hearing where his attorney allegedly failed to object to a police officer's hearsay evidence about Freeman's statement that he had considered shooting a police officer and the attorney's alleged failure to withdraw from the case in order that Freeman obtain counsel in his appeal of the revocation. Freeman contends that his attorney's omissions constituted ineffective assistance of counsel.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A federal habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 104 S.Ct. 2052 (1984). To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Id.* at 2064. The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 104 S.Ct. at 2064. In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if professionally unreasonable, does not warrant setting

aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland,* 104 S.Ct. at 2066. Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 2068.  To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 113 S.Ct. 838, 844 (1993).  In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the defendant of any substantive or procedural right to which he is entitled. *Id.*

Persons convicted of a crime also are entitled to effective assistance of counsel on direct appeal. *Evitts v. Lucey,* 105 S.Ct. 830 (1985).  This court reviews counsel's appellate performance under the *Strickland* standards.  *See Goodwin v. Johnson,* 132 F.3d 162, 170 (5th Cir. 1998). Petitioner  must allege and present facts that, if proven, would show that his attorney's representation was deficient and that the deficient performance caused him prejudice.  *See Strickland,* 104 S.Ct. at 2064; *Jones v. Jones,* 163 F.3d 285, 300 (5th Cir. 1998).   Effective assistance of appellate counsel does not mean that counsel will raise every available nonfrivolous ground for appeal. *Evitts,* 105 S.Ct. at 835; *West,* 92 F.3d at 1396.  Nor will counsel be deficient for failing to press a frivolous point. *Williamson*, 183 F.3d at 462.  Rather, it means, as it does at trial, that counsel performs in a reasonably effective manner. *Evitts,* 105 S.Ct. at 834-35  A reasonable attorney has an obligation to research relevant facts and law and make informed decisions as to whether avenues will, or will not, prove fruitful. *Strickland,* 104 S.Ct. at 2066.

A. Failure to Object to Hearsay

During the hearing on the State's Motion to Adjudicate, held on September 18, 2001, Plano Police Officer Danny Hartschuh gave testimony about a meeting he had with Freeman while he was working under cover. Volume 4 Statement of Facts (SOF) at 8-11. During his testimony, Officer Hartschuh stated that Freeman told him that he wanted to shoot an officer who arrested him in Houston. 4 SOF at 10. Freeman contends that his trial counsel should have objected to the statement because it was hearsay. A party's own statements inculpating himself are admissible and are not considered hearsay. *Trevino v. State*, 991 S.W.2d 849, 853 (Tex. Crim. App.1999), *citing* TEX. R. EVID. 801(e)(2). Freeman's counsel was not ineffective for failing to raise an objection which would have surely been overruled. *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective lawyering; it is the very opposite."); *Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998) ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness . . . .").

B. Appeal

Freeman also complains that his attorney failed to pursue an appeal or withdraw from the proceedings after the court adjudicated him guilty. Under Texas law, "'the trial court's determination to proceed with an adjudication guilt is one of absolute discretion and is not reviewable.'" *Connolly v. State*, 983 S.W.2d 738, 740 (Tex. Crim. App. 1999), *quoting Williams v. State*, 592 S.W.2d 931, 932-33 (Tex. Crim. App. 1979). *See also Manuel v. State*, 994 S.W.2d 658 (Tex. Crim. App. 1999) (appeal from deferred adjudication must be made when deferred adjudication and community supervision first imposed). The Court of Criminal Appeals held that the Texas Legislature clearly intended that there would be no direct appeal from a trial court's

decision to adjudicate where a deferred adjudication had been previously entered.  *Id. citing* TEX. CODE CRIM. PRO. art. 42.12 § 5(b).  Freeman's counsel cannot be held to be ineffective for failing to pursue a meritless appeal.  *See Williams v. Collins*, 16 F.3d 626, 634-35 (5th Cir. 1994).

In addition, the record reflects that a licensed attorney did file a brief in Freeman's behalf when he appealed the trial court's decision.  *See* Appellate Record, No. No. 01-01-01060-CR; *see also* Opinion, 2002 WL 31319977.  As explained above, Freeman was barred from appealing his deferred adjudication after his probation had been revoked.  *Id. citing Manuel*, 994 S.W.2d at 661-62.  However, contrary to Freeman's implications, he was represented by counsel who did present arguments on his behalf.  Freeman fails to indicate which grounds should have been presented or demonstrate how he would have prevailed if they had been presented.  Consequently, he has failed to demonstrate that he was denied effective assistance of counsel.  *Smith v. Robbins*, 120 S.Ct. 746, 764 (2000).     The state court's denial of the ineffective assistance of counsel claim was not contrary to or an unreasonable application of constitutional law as established by the Supreme Court nor was it an unreasonable determination of the facts based on the state court records.   Therefore, this action will be **DISMISSED**.

### VII. Certificate of Appealability

Under 28 U.S.C. § 2253, Freeman needs to obtain a Certificate of Appealability before he can appeal this Memorandum Opinion and Order dismissing his petition.  To obtain a Certificate of Appealability, Freeman must make a substantial showing of the denial of a constitutional right.  *Williams v. Puckett*, 283 F.3d 272, 276  (5th Cir. 2002).  To make such a showing, Freeman must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the

issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998). For the reasons stated in this Memorandum Opinion and Order, Freeman has not made a substantial showing of the denial of a constitutional right. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996). The Court **DENIES** the issuance of a Certificate of Appealability in this action.

## VIII. <u>Conclusion</u>

The court **ORDERS** the following:

1.. The respondent's Motion for Extension of Time (Docket Entry No. 9) is **GRANTED**.

2. The respondent's Motion for Summary Judgment, (Docket Entry No. 10) is **GRANTED**.

3. The petitioner's Motion for Summary Judgment (Docket Entry No. 12) is **DENIED**.

4. This action is **DISMISSED** with prejudice.

5. A Certificate of Appealability is **DENIED**.

**SIGNED** on this 13th day of March, 2006.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE